IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Charles Lomax, | ) | C/A No. 8:05-3034-HFF-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Report of Magistrate Judge** |
| | ) | |
| State of South Carolina, and | ) | |
| Attorney General of the State | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondents' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on October 20, 2005.[1] On December 16, 2005, the respondents moved for summary judgment. By order filed December 19, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 8, 2006, the petitioner filed a response.

## PROCEDURAL FACTS

The petitioner is currently a state prisoner housed in the McCormick Correctional Institution. On May 4, 1999, he was convicted of murder and possession of a firearm

---

[1]This is the *Houston v. Lack* "delivery" date. 487 U.S. 266 (1988).

during the commission of a violent crime  and sentenced to thirty (30) years for the murder offense and five (5) years for the firearm offense, to run concurrently.  The petitioner filed a direct appeal raising whether the trial court erred by refusing to instruct the jury on involuntary manslaughter.  The South Supreme Court affirmed the petitioner's convictions pursuant to Rule 220(b)(1), SCACR.  *State v. Lomax*, Memo. Op. No. 2000-MO-143 (S.C. filed Nov. 22, 2000).

On August 28, 2001, the petitioner filed a pro se application for post-conviction relief ("PCR"), alleging his trial and appellate counsel were ineffective on several grounds. Following a hearing, on May 5, 2003, the PCR court dismissed the petition and denied the petitioner relief.  On March 22, 2004, the petitioner filed an a Petition for Writ of Certiorari with the South Carolina Supreme Court and raised one issue in a *Johnson*[2] brief:

> Whether defense counsel was ineffective in failing to seek a continuance based on petitioner's psychiatric condition.  On February 16, 2005, the South Carolina Supreme Court denied the petition for review.

In this habeas action, the petitioner raises three (3) grounds for relief:

> (1) The Trial Judge's abuse of discretion deprived Petitioner of 14th Amendment right to a fair trial.
>
> (2) Trial counsel deprived Petitioner of 6th and 14th Amendment right(s) to effective assistance of trial counsel.
>
> (3) The General Sessions Court lacked jurisdiction to entertain the subject matter of Petitioner's case.

(Habeas Pet. at 6;7;9.)

---

[2]*Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

2

## UNDERLYING FACTS

The petitioner was convicted of the murder of his wife, Dorothy Jones.  Jones and the petitioner were having marital difficulties.  Jones had moved out of their home and was planning a move to Georgia.  On the day of the murder, the petitioner's daughter was bringing Jones' clothing to her.  The petitioner asked his daughter if he could go along, and beforehand he retrieved a loaded gun from his father's house.  When the petitioner and his daughter arrived at Jones', the petitioner was hidden in the front passenger seat.  As Jones attempted to retrieve her clothing from the back of a car, the petitioner tried to convince her not to leave him.  Jones stated she intended to leave and the petitioner shot her in the head.  At trial, the petitioner admitted shooting the gun, but he testified he shot at the clothing.  He testified he meant to only scare Jones and he did not intend to kill her. (Pl.'s Mem. Supp. Pet. at 5; 9.)

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is

3

deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*,

134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## DISCUSSION

### EXHAUSTION AND STATUTE OF LIMITATIONS

The petitioner raises three grounds in this petition and the respondent concedes the petitioner has exhausted his state remedies on these issues. However, the respondent contends that the statute of limitations bars review.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to Title 28 provide for a one-year period of limitation on the filing of a federal habeas

5

corpus petition.  28 U.S.C. § 2244(d).  Subsection (d)(1)(A) of section 2244 provides that

the limitations period shall run from the date when the judgment of conviction became final

at the conclusion of direct review.  *Id*.  Subsection (d)(2) of section 2244 provides that the

limitations period tolls while state post-conviction or collateral attack actions are pending.

*Id*.

The South Carolina Supreme Court issued its opinion in the petitioner's direct

appeal on November 22, 2000.  Therefore, the petitioner's conviction became final on

February 20, 2001, or ninety days later.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000)

(holding direct review concludes at expiration of time for seeking certiorari from United

States Supreme Court); U.S. Sup.Ct. R. 13(1) (stating time for filing petition for certiorari

with United States Supreme Court is ninety days).  The petitioner therefore had one year

within in which to file this habeas action unless the period was tolled.  *Hernandez v.

Caldwell*, 225 F.3d 435 (4th Cir. 2000).

When the petitioner filed for PCR on August 21, 2001, the limitations period was

tolled,  However, 189 days had already run, leaving the petitioner 176 days within which

to file once the tolling during the pendency of his PCR ended.[3]  The petitioner's PCR

became final when the South Carolina Supreme Court issued its remittitur on March 4,

2005.  The petitioner filed this habeas action on October 20, 2005,  230 days after his PCR

became final.  Clearly, the petitioner's habeas action is time-barred.  Alternatively, and out

---

[3]In response to the respondent's argument that this action is barred by the statute of limitations, the petitioner contends "non-judicial days," i.e. Saturdays, Sundays and legal holidays, should be excluded.  (Pl.'s Mem. Opp. Summ. J. at 3.)  However, in calculating time periods greater than eleven (11) days, Saturdays, Sundays, and legal holidays are not excluded. *See* Fed. R.App. P. 26(a); and  Fed.R.Crim.P. 45(a) (providing the same rules for calculation of time).

of an abundance of caution, the undersigned will address the merits.

**GROUND ONE- DIRECTED VERDICT AND INVOLUNTARY MANSLAUGHTER CHARGE**

In Ground One in his petition, the petitioner contends the "Trial Judge's abuse of discretion deprived Petitioner of 14th Amendment right to a fair trial." In his memorandum supporting his petition, the petitioner specifically states that:

> a) Trial court erred in declining to grant Petitioner's motion for a directed verdict on charge of murder where evidence of innocence exists within state's factual record; and

> b) Trial court erred in declining to instruct the jury on involuntary manslaughter where shooting of victim was an accident.

(Pl.'s Mem. Supp. Pet. at 1-2;8.)

Respondent rightly asserts that this claim was not presented to the state court and would be deemed procedurally barred, if the petitioner attempted to present it now. The exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition. *See Beard v. Pruett*, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). The procedural default doctrine bars a claim when the habeas petitioner does not exhaust available state remedies and the court to which the claims would be presented in order to meet the exhaustion requirement would now find the claims procedurally barred. *Id*. at 619. A petitioner may overcome both the procedural default and exhaustion bar by showing cause for the default and actual prejudice arising from the constitutional error. *Id*. at 620. However, in order to demonstrate cause and prejudice, Petitioner must demonstrate that the factual or legal basis for his claim was not reasonably available. *McCleskey v. Zant*, 499 U.S. 467(1991); *McCarver v. Lee*, 221 F.3d 583 (4th Cir. 2000). It appears that the

factual basis for this claim, as well as the legal basis, were available to the petitioner at the time he filed his direct appeal and PCR. Accordingly, the petitioner has failed to show cause for not raising this issue in the state court.

In any event, the petitioner's claim fails on the merits. The petitioner argues that the trial court erred in failing to grant a directed verdict on the murder charge because he did not act with malice and therefore could not have committed murder. Under South Carolina law, murder is the killing of any person with malice aforethought, either express or implied. S.C. Code Ann. 16-3-10. In a murder prosecution, malice may be implied if the defendant uses a deadly weapon. *State v. Kelsey*, 502 S.E.2d 63, 69 (S.C. 1998). The petitioner admits using a gun. Therefore, he was not entitled to a directed verdict on the murder charge.

The petitioner also contends the trial court erred in failing to charge involuntary manslaughter. The law to be charged must be determined from the evidence presented at trial. *State v. Knoten*, 555 S.E.2d 391, 394 (S.C. 2001). Under South Carolina law, involuntary manslaughter is the unintentional killing of another without malice while engaged in an unlawful act not naturally tending to cause death or great bodily harm, or the unintentional killing of another without malice while engaged in lawful activity with reckless disregard for the safety of others. *State v. Chatman*, 519 S.E.2d 100 (S.C. 1999). "[T]o warrant the court in eliminating the offense of manslaughter it should very clearly appear that there is no evidence whatsoever tending to reduce the crime from murder to manslaughter." *Casey v. State*, 409 S.E.2d 391, 392 (S.C. 1991). The petitioner contends that he did not intend to shoot the victim, rather he intended to shoot only the clothing in

8

the back seat and scare the victim. However, in order for the petitioner to be entitled to the lesser charge, there must be evidence that he was neither engaged in an unlawful act not naturally tending to cause death or great bodily harm nor engaged in lawful activity with reckless disregard for the safety of others. Here, the evidence shows the contrary. The petitioner was engaged in an unlawful act tending to cause death or great bodily harm. Firing a gun to scare someone is unlawful. *State v. Cabrera-Pena*, 605 S.E.2d 522 (S.C. 2004)(firing gun to intimidate someone is felonious act under S.C. law). Thus, the petitioner was not entitled to a manslaughter instruction and the decision of the South Carolina Supreme Court affirming the trial court's refusal to charge involuntary manslaughter was not unreasonable.

**GROUND TWO- Ineffective Assistance of Counsel**

In Ground Two in his petition, the petitioner alleges "Trial counsel deprived Petitioner of 6th and 14th Amendment right(s) to effective assistance of trial counsel." In his memorandum supporting his petition, the petitioner specifically states that:

> a) Trial counsel deprived petitioner of 6th and 14th amendment right of effective assistance of trial counsel for failing to request hearing to determine petitioner's competency to stand trial; and

> b) Trial counsel rendered ineffective assistance of counsel on the following points:

> 1) failing to properly and effectively investigate all matters of case, applicable laws, court opinions and effective defense;

> 2) failing to properly object to, argue against, defend against, and preserve for appeal the trial court's erroneous burden-shifting jury instructions, circumstantial evidence, alibi, and presumption of innocence;

> 3) failing to move for a hearing to challenge and present facts

9

of trial judge bias in conducting trial in favor of prosecution;

4) failing to move for a hearing to present facts of police and prosecutorial misconduct;

5) failing to protect petitioner's 5th, 6th, and 14th amendment rights to a fair trial; and

6) failing to challenge trial court's jurisdiction over subject-matter of case (see Ground Three).

(Pet.'s Mem. Supp. Habeas Pet. 1-2; 8; 13-14.)

For each of the above claims listed under subsection (b), the petitioner articulates no argument whatsoever in any of the pleadings filed in this case as to how the state court's decisions were contrary to or an unreasonable application of established federal law. Accordingly, these claims should be both considered waived for purposes of habeas review, *McCarver v. Lee*, 221 F .3d 583, 588 n. 1 (4th Cir.2000) (declining to consider issues on habeas review in a capital case that were not briefed before the court), and dismissed as unsupported, conclusory claims. *See Nickerson v. Lee*, 971 F.2d 1125 (4th Cir.1992).

As to his claim that trial counsel was ineffective for failing to request a competency hearing, the petitioner contends his competency was never raised by trial counsel even though he told trial counsel he had been diagnosed as manic-depressive prior to trial. The respondent contends this issue is procedurally barred because this exact issue was not raised to the South Carolina Supreme Court. In his PCR, the petitioner alleges trial counsel was ineffective for failing to move for a continuance to seek a competency determination. Although this exact issue was not presented to the South Carolina Supreme Court, the undersigned will address the merits of whether trial counsel was

10

deficient for failing to request a competency hearing prior to trial.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *See id.* at 687-88. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *See id.* at 689. Courts are reluctant to second guess the trial tactics of trial lawyers. Where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel. *See Daniels v. Lee*, 316 F.3d 477, 491 (4th Cir. 2003); *Stokes v. State*, 419 S.E.2d 778, 779 (S.C. 1992).

At the PCR hearing, the petitioner testified that on the day his trial was to start he check himself into the Anderson Hospital. He presented a letter to his trial counsel from his treating physician which stated that the petitioner was being treated for major depression and post-traumatic stress disorder and did not appear capable of going through a trial. At the PCR hearing, trial counsel testified that he did not think a competency hearing was necessary based upon the petitioner's medical records and his interactions with the petitioner. He noted that the physician did not make any determinations regarding

11

the petitioner's legal competency.  The PCR court did not find the petitioner's testimony regarding his mental condition credible and further noted that there was no evidence that the petitioner was incompetent to stand trial.  The South Carolina Supreme Court denied the petitioner's writ of certiorari without comment.

The test for determining competence is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding  . . . and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).  "Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges."  *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1012 (7th Cir.1984).  Neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.  *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir.1995), cert. denied, 517 U.S. 1247 (1996).

Here, the petitioner has not set forth any evidence of any mental incompetency, other than his own conclusory allegations.  Furthermore, trial counsel testified at the petitioner's PCR hearing that he never questioned the petitioner's competency.  Even accepting that the petitioner may have been suffering from major depression and post-traumatic stress disorder, he has not shown he was incompetent to stand trial.  The decision that counsel was not ineffective for not failing to request a competency hearing was not contrary to clearly established federal law as determined by the Supreme Court of the United States, nor did it involve an unreasonable application of clearly established

Federal law as determined by the Supreme Court of the United States

**GROUND THREE- SUBJECT MATTER JURISDICTION**

In Ground Three, the petitioner alleges the "General Sessions Court lacked jurisdiction to entertain the subject matter of Petitioner's case." In his memorandum supporting his habeas petition, he specifically alleges:

> The General Sessions Court lacked jurisdiction to entertain the subject-matter of the indictment(s) against petitioner on the following means:
>
> a) The murder indictment fails to give petitioner notice of the alleged time of assault or time of death of victim, as required by 17-19-30, S.C. Code of laws; and
>
> b) The indictments were not filed with the Clerk of Court, in compliance with Rule 3(c), South Carolina Rules of Criminal Procedure (SCRCrimP) - made mandatory through the Due Process Clause of the 14th Amendment.

(Pet.'s Mem. Supp. Habeas Pet. 14-15.)

The question of subject matter jurisdiction is one for adjudication by the State, and may only be addressed on federal habeas review if it is shown to be "a violation of the defendant's most fundamental rights." *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir.1998). The petitioner has made no such showing here, and thus this court cannot address the matter further.


**CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO ORDERED AND RECOMMENDED.

13

S/Bruce H. Hendricks
United States Magistrate Judge

August  4, 2006
Greenville, South Carolina